IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,012-02






EX PARTE THEODIS BUTLER, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 946835 IN THE 185
TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of breach of
computer security and sentenced to twenty months' imprisonment. There was no direct appeal.

 Applicant contends, among other things, that he is being denied pre-sentence jail time credits.
In its findings of fact, the trial court concluded that Applicant was granted time credits. But
according to a representative at TDCJ-State Jail Felony Division, there is no record of an order from
the trial court granting Applicant time credits. 

 We believe that Applicant has alleged facts that, if true might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in determining whether
Applicant is being denied pre-sentence jail time credits.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Application is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings as to whether Applicant was granted pre-sentence jail time
credits and, if so, what credits he received. The trial court shall make further findings as to when
Applicant was confined prior to sentencing and what the conditions and circumstances of that
confinement were. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 20 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 40 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 25, 2006

Do not publish